

250 Massachusetts Ave NW, Suite 400 | Washington, DC 20001

April 6, 2023

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

      Re:    *LULAC Texas, et al. v. Hughes, et al.*, Case No. 22-50435
              Argument Held: August 2, 2022
              Panel: Richman, Wiener, Jr., Willett

Dear Mr. Cayce:

      Pursuant to Rule 28(j), LULAC Plaintiffs-Appellees submit *Turtle Mountain Band of Chippewa Indians, et al. v. Howe, et al.*, Case No. 23-1597 (8th Cir. April 3, 2023) (Attachment A), in which the Eighth Circuit dismissed for lack of jurisdiction an interlocutory appeal filed by the North Dakota Legislative Assembly and various North Dakota state legislators, challenging several discovery orders denying their assertions of state legislative privilege in response to subpoenas. *See* Attachments B, C (discovery orders on appeal).

      In the first discovery order on appeal, the district court (Welte, C.J.) affirmed a magistrate judge's decision to deny a state representative's motion to quash a subpoena requiring him to testify regarding North Dakota's state legislative redistricting process. *See* Attachment B. In the second order, the district court affirmed a magistrate judge's decision to grant the Plaintiffs' motion to enforce a subpoena for production of documents from members of the North Dakota Legislative Assembly. *See* Attachment C. In both orders the district court agreed with the magistrate judge that the state legislative privilege supplies only a qualified privilege, and further explained in the second order that legislative communications with third parties "are not protected by the state legislative privilege." Attachment C at 3; *see also Turtle Mountain Band of Chippewa Indians, et al. v. Howe, et al.*, Case No. 3:22-cv-00022, ECF Nos. 49, 64 (D.N.D. March 27, 2023) (magistrate judge orders).

      The third-party legislators and the North Dakota Legislative Assembly filed a notice of interlocutory appeal on March 27, 2023 as to both orders. *See Turtle Mountain Band of Chippewa Indians, et al. v. Howe, et al.*, Case No. 3:22-cv-00022, ECF No. 80 (D.N.D. March 27, 2023). The Eighth Circuit dismissed the appeal *sua sponte* on April 3, 2023, explaining in full: "The court

April 6, 2023
Page 2


has carefully reviewed the original file of the United States District Court and orders that this appeal be dismissed for lack of jurisdiction." Attachment A.

      Sincerely,

      */s/ Uzoma N. Nkwonta*
      Uzoma N. Nkwonta

# ATTACHMENT A

UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

_____

No: 23-1597
_____

Turtle Mountain Band of Chippewa Indians; Spirit Lake Tribe; Wesley Davis; Zachery S. King; Collette Brown

Plaintiffs - Appellees

v.

Michael Howe

Defendant

North Dakota Legislative Assembly; William R. Devlin, Representative also known as Bill Devlin; Senator Ray Holmberg, Representative; Senator Richard Wardner, Representative; Senator Nicole Poolman, Representative; Michael Nathe, Representative; Terry Jones, Representative; Claire Ness, Senior Counsel at the North Dakota Legislative Council

Movants - Appellants

_____

Appeal from U.S. District Court for the District of North Dakota - Eastern
(3:22-cv-00022-PDW)

_____

**JUDGMENT**

Before COLLOTON, BENTON, and KELLY, Circuit Judges.

The court has carefully reviewed the original file of the United States District Court and orders that this appeal be dismissed for lack of jurisdiction.

April 03, 2023

Order Entered at the Direction of the Court:
Clerk, U.S. Court of Appeals, Eighth Circuit.
_____
         /s/ Michael E. Gans

# ATTACHMENT B

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Turtle Mountain Band of Chippewa Indians, et al., <br><br>     Plaintiffs, <br><br> vs. <br><br> Alvin Jaeger, in his Official Capacity as Secretary of State of North Dakota, et al., <br><br>     Defendants. | **ORDER** <br><br> Case No. 3:22-cv-22 |

Representative William Devlin (a member of the North Dakota Legislative Assembly) and the North Dakota Legislative Assembly appeal an order of United States Magistrate Judge Alice R. Senechal denying a motion to quash subpoena. Doc. No. 49. Representative Devlin was subpoenaed to testify at a deposition but moved to quash (along with the Legislative Assembly), asserting that state legislative privilege barred his testimony. Judge Senechal denied the motion. For the reasons below, the order denying the motion to quash is affirmed, and the appeal is denied.

## I.     BACKGROUND

This case arises from the redrawing of certain North Dakota legislative districts pursuant to the legislative redistricting plan in House Bill 1504. At issue here are legislative districts 9, which was subdivided into single-representative districts 9A and 9B, and 15. District 9A contains most of the Turtle Mountain Indian Reservation, with the remainder in district 9B. District 15 encompasses the Spirit Lake Nation. The Turtle Mountain plaintiffs assert a Section 2 violation of the Voting Rights Act. Doc. No. 1; Doc. No. 44.

In November of 2022, the Turtle Mountain plaintiffs subpoenaed Representative Devlin to testify at a deposition. They subpoenaed Representative Devlin because he served as chair of the

1

redistricting committee when House Bill 1504 was passed. Doc. No. 38. Representative Devlin and the North Dakota Legislative Assembly (together, the "Assembly") moved to quash the subpoena. Doc. No. 37. As grounds to quash, the Assembly argued that the state legislative privilege is "an absolute bar to deposition testimony of local lawmakers" and is "qualified" only in that it does not apply to federal criminal proceedings, which does not apply here. For their part, the Turtle Mountain plaintiffs argued the state legislative privilege is not absolute and is more akin to the deliberative process privilege, which uses a five-factor test to balance the need for evidence against the legislative body's interest in non-disclosure.

After considering the parties' arguments, Judge Senechal denied the motion to quash. Doc. No. 48. She analyzed the relevant cases forming the basis of the state law legislative privilege and addressed (and distinguished) the many cases raised by the parties. Id. Judge Senechal concluded it was appropriate to apply the five-factor test. In weighing the factors, she determined the Turtle Mountain plaintiffs' need for the testimony outweighed the Assembly's interest of non-disclosure and declined to quash the subpoena based on the state law legislative privilege. Id.

## II. LAW AND DISCUSSION

Under Federal Rule of Civil Procedure 72(a) and District of North Dakota Civil Local Rule 72.1(B), a magistrate judge is permitted to hear and determine non-dispositive matters in a civil case. Any party may appeal the determination to the district court judge assigned to the case who "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also D.N.D. Civ. L. R. 72.1(D)(2). "A district court conducts an 'extremely deferential' review of a magistrate judge's ruling on a nondispositive issue." Carlson v. BNSF Ry. Co., No. 19-CV-1232, 2021 WL 3030644, at *1 (D.

2

Minn. July 19, 2021). As such, a magistrate judge's decision will not be disturbed unless it is "clearly erroneous" or "contrary to law." See Fed. R. Civ. P. 72(a).

On appeal, the Assembly primarily challenges the choice and application of the five-factor test imported from the deliberative process privilege, and the relevancy of the testimony under Federal Rule of Civil Procedure 26. Doc. No. 49.

### A. The Choice and Application of the Five-Factor Test to State Legislative Privilege

After careful review of the case law and the parties' arguments, Judge Senechal's order is not clearly erroneous or contrary to law. First, as to the choice and application of the five-factor test to the state legislative privilege, neither the United States Supreme Court nor the Eighth Circuit Court of Appeals has directly addressed the contours and qualifications of the state legislative privilege. Having reviewed the decisions of the federal courts that have addressed the issue, the majority conclude, as Judge Senechal did here, that "the privilege is a qualified one in redistricting cases." See Bethune-Hill v. Va. State Bd. Of Elections, 114 F. Supp. 3d 323, 336-37 (collecting cases). That is because "[r]edistricting litigation presents a particularly appropriate circumstance for qualifying the state legislative privilege because judicial inquiry into legislative intent is specifically contemplated as part of the resolution of the core issue that such cases present." Id. at 337. From there, the question is the strength of the qualified privilege, and most courts that have reviewed qualified privilege challenges in redistricting cases have used the five-factor balancing test derived from the deliberative process privilege. Id. at 337-38 (collecting cases). In those cases, courts have explained that "whether the privilege should cover the factual bases of a legislative decision, protect the process of fact-finding, or extend in varying concentric degrees to third parties are questions to be addressed within the qualified balancing analysis rather than with any kind of 'per se' rule." Id. at 339.

The qualified balancing analysis (five-factor test) is a better fit in this type of redistricting case, as opposed to the per se rule and absolute bar the Assembly advocates for. This case requires at least some judicial inquiry into the legislative intent and motivation of the Assembly. An absolute bar on the testimony of members of the Assembly makes little sense and could preclude resolution on the merits of the legal claim. Given the particular facts of this redistricting case, and the available case law, the Court cannot conclude that Judge Senechal's decision to use the five-factor test in assessing the Assembly's assertion of state law privilege is clearly erroneous or contrary to law.

The Court disagrees with the Assembly's argument that this result ignores the directives from the United States Supreme Court in Tenny v. Brandhove, 341 U.S. 367 (1951), Eastland v. U.S. Serviceman's Fund, 421 U.S. 491 (1975), and United States v. Gillock, 445 U.S. 360 (1980). Tenny and Eastland are factually distinguishable. In Tenny, the Supreme Court addressed the issue of whether certain defendants were acting in the sphere of legislative activity for the purposes of assessing civil liability (341 U.S. at 378-79), and Eastland involved the federal legislative privilege under the Speech and Debate Clause of the United States Constitution, which is not at issue here. Eastland, 421 U.S. at 501. Eastland also involved Congress issuing, not receiving, the subpoena. Id. Gillock is also distinguishable. In that case, the Supreme Court limited the privilege granted to state legislators in federal criminal prosecutions. Gillock, 445 U.S. at 373.

Turning to the application of the five-factor test itself, the Court does not find Judge Senechal's application of the five-factor test to the facts of this case clearly erroneous or contrary to law. First, the testimony is relevant in assessing the Assembly's discriminatory intent (or lack thereof) and motivations presented against or in favor of the redistricting plan. Representative Devlin served as the chair of the redistricting committee. The second factor, availability of other

evidence, is neutral, given the state of discovery and the record at this time. Third, because these cases concern voting rights litigation, the litigation is "especially serious" and weighs in favor of disclosure. League of Women Voters of Fla., Inc. v. Lee, 340 F.R.D. 446, 457 (N.D. Fla. 2021). Fourth, since this is not a case where individual legislators are threatened with individual liability, the role of the legislature factor weighs in favor of disclosure. Finally, the purpose of the privilege does weigh against disclosure. On balance, the five factors weigh in favor of allowing the Turtle Mountain plaintiffs to depose Representative Devlin, and Judge Senechal's conclusion that the Turtle Mountain plaintiffs need for evidence outweighs the Assembly's interest of non-disclosure is not clearly erroneous or contrary to law.

  **B.**   **Motion to Quash and Federal Rule of Civil Procedure 26**

  The Assembly next argues that Judge Senechal erred generally in denying the motion to quash and concluding that the testimony of Representative Devlin is relevant under Federal Rule of Civil Procedure 26. And even if relevant, the Assembly asserts Judge Senechal erred by not weighing the exceptions to relevance in Rule 26. Rule 26 states that "[e]ven if relevant, discovery is not permitted where no need is shown, or compliance would be unduly burdensome, or where harm to the person from whom discovery is sought outweighs the need of the person seeking discovery of the information." Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999).

  Judge Senechal addressed the relevancy issue as a part of assessing the relevance factor under the five-factor test. Moreover, the Court agrees the testimony is relevant because "proof of a legislative body's discriminatory intent is relevant and extremely important as direct evidence" in redistricting cases. See Bethune-Hill, 114 F. Supp. 3d at 339. And, as noted above, the testimony of Representative Devlin, as chair of the redistricting committee, is relevant to the claim

5

here. None of the exceptions in Rule 26 apply either. The Turtle Mountain plaintiffs have shown a need, compliance would not be unduly burdensome, and the harm to Representative Devlin and the Assembly does not outweigh the need of the plaintiffs in obtaining the testimony. Judge Senechal's conclusion as to relevancy under Rule 26 is not clearly erroneous or contrary to law.

### III.  CONCLUSION

The Court has carefully reviewed the order denying the motion to quash, the parties' filings, the applicable law, and the entire record. Judge Senechal's order denying to the motion to quash the subpoena as to Representative Devlin is not clearly erroneous or contrary to law. The order (Doc. No. 48) is **AFFIRMED**, and the appeal (Doc. No. 49) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of March, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court

# ATTACHMENT C

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Turtle Mountain Band of Chippewa Indians, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Alvin Jaeger, in his Official Capacity as Secretary of State of North Dakota, et al., <br><br> Defendants. | **ORDER** <br><br> Case No. 3:22-cv-22 |

The North Dakota Legislative Assembly, Senators Ray Holmberg, Richard Wardner, and Nicole Poolman, Representatives Michael Nathe, William R. Devlin, and Terry Jones, and former Senior Counsel to the North Dakota Legislative Council Claire Ness (collectively, the "Assembly") appeal an order of United States Magistrate Judge Alice R. Senechal granting a motion to enforce third-party subpoenas. Doc. No. 64. The Turtle Mountain plaintiffs subpoenaed the six current and former members of the Assembly, along with a former attorney for Legislative Council, to produce documents about the redistricting legislation at issue in this case. The Assembly objected, and the Turtle Mountain plaintiffs moved to enforce the subpoenas. Judge Senechal granted the motion. For the reasons below, the order granting the motion to enforce is affirmed, and the appeal is denied.

## I. BACKGROUND

This is the second appeal of a discovery order in this case, and the Court will not repeat its summary of the issue and claims here. See Doc. No. 71 (summarizing the redistricting legislation and Voting Rights Act claim in this case). As relevant to this appeal, in September 2022, the Turtle Mountain plaintiffs served third-party document subpoenas on Senators Holmberg, Wardner, and Poolman, Representatives Nathe, Devlin, and Jones, and former Legislative Council attorney Ness. Doc. No. 47-8. These individuals were served because they served in the Assembly and on Legislative

1

Council when the redistricting bill at issue was vetted and adopted. The Assembly raised several objections, including initially that the discovery was publicly available, the requests were unduly burdensome, and that discovery was protected by the deliberative process privilege, state legislative privilege, and the attorney-client privilege. For their part, the Turtle Mountain plaintiffs argued the document requests are limited to a small number of communications where state legislative privilege does not exist or was waived.

After considering the parties' arguments and filings, Judge Senechal granted the motion to enforce the subpoenas. Doc. No. 63. She analyzed the relevant cases and addressed (and distinguished) the cases raised by the parties. Id. She ordered the production of communications with third parties, determined Representative Jones waived his state legislative privilege and ordered the production of documents withheld on that basis, and ordered the Assembly to produce a privilege log as to any documents withheld based on privilege. Id.

## II.     LAW AND DISCUSSION

Under Federal Rule of Civil Procedure 72(a) and District of North Dakota Civil Local Rule 72.1(B), a magistrate judge is permitted to hear and determine non-dispositive matters in a civil case. Any party may appeal the determination to the district court judge assigned to the case who "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also D.N.D. Civ. L. R. 72.1(D)(2). "A district court conducts an 'extremely deferential' review of a magistrate judge's ruling on a nondispositive issue." Carlson v. BNSF Ry. Co., No. 19-CV-1232, 2021 WL 3030644, at *1 (D. Minn. July 19, 2021). A magistrate judge's decision will not be disturbed unless it is "clearly erroneous" or "contrary to law." See Fed. R. Civ. P. 72(a).

2

On appeal, the Assembly raises two issues: (1) state legislative privilege bars the Assembly's compliance with the subpoena, and (2) the Assembly's compliance is unduly burdensome under Federal Rule of Civil Procedure 45. Doc. No. 64.

### A. State Legislative Privilege and Third Parties

After careful review of the case law and the parties' arguments, Judge Senechal's order is not clearly erroneous or contrary to law as it relates to the state legislative privilege and how the privilege applies to communications with third parties. The state legislative privilege is designed to protect against disclosure of "confidential documents concerning intimate legislative activities." Comm. for a Fair & Balanced Map v. Ill. State Bd. of Election, No. 11 C 5065, 2011 WL 4837508, at *9 (N.D. Ill. Oct. 12, 2011). "The privilege applies to any documents or information that contains or involves opinions, motives, recommendations or advice about legislative decisions between legislators or between legislators and their staff." Jackson Mun. Airport Auth. v. Bryant, No. 3:16-CV-246-CWR-FKB, 2017 WL 6520967, at *7 (S.D. Miss. Dec. 19, 2017). In a prior order in this case, the Court explained the contours and qualifications of the state legislative privilege in a redistricting case in the context of subpoenaing members of the Assembly for depositions. See Doc. No. 71. That order also rejects the notion that the state legislative privilege is an absolute bar to seeking discovery from legislators. Id. So, to the extent the Assembly persists in its argument that the state law privilege is an absolute bar to seeking discovery from legislators, the prior order resolves that issue.

This appeal also presents a slight twist on the state legislative privilege issue because the subject matter is a document subpoena seeking communications. But recall that the communications the Turtle Mountain plaintiffs are seeking are communications by the individual legislator(s) with third parties. These communications, if they exist, are not protected by the state legislative privilege because the communications are with third parties, not between members of the Assembly or between members of the Assembly and their staff. See Jackson, No. 3:16-CV-246-CWR-FKB, 2017 WL 6520967, at *7. Given that, Judge Senechal's conclusion that the Assembly cannot withhold information based on state

3

legislative privilege where the communication was disclosed to a third party is not clearly erroneous or contrary to law.

## B. Undue Burden and Federal Rule of Civil Procedure 45

The Assembly next argues that Judge Senechal erred in concluding that the subpoenas did not subject the Assembly to an undue burden. Doc. No. 64. Federal Rule of Civil Procedure 45(d)(3)(A)(iv) states a court "must quash or modify a subpoena that . . . subjects a person to undue burden." Several factors must be considered in assessing undue burden, including the "relevance of the information requested" and "the burden imposed." Am. Broad. Cos., Inc. v. Aereo, Inc., No. 13-MC-0059, 2013 WL 5276124, at *7 (N.D. Iowa Sept. 17, 2013). When (as here) non-parties are subpoenaed, the Court is "particularly mindful of Rule 45's undue burden and expense cautions." Id.

Consistent with this Court's order on the other discovery appeal in this case, the information sought by the Turtle Mountain plaintiffs is relevant. See Doc. No. 71. As to the burden imposed on the Assembly, the Court recognizes (as Judge Senechal did as well) that the subpoenas come with poor timing for the Assembly, as the North Dakota Legislative Assembly is currently in session. That said, the subpoenas were served in September of 2022, and the Assembly has identified at least some documents already, which cuts against there being an undue burden. And while not necessarily dispositive of the issue, what is also missing from the record is a simple estimate from the Assembly as to the number of documents at issue. For its part, the Assembly did provide an estimate of the total number of hours of time it would take to comply, but that number is contradicted by certain facts in the record, including that some documents have already been identified and that many documents are likely duplicative.

On these facts, the Court cannot say that Judge Senechal's conclusion that the Assembly's compliance with the subpoenas would not result in an undue burden under Federal Rule of Civil Procedure 45(d)(3)(A)(iv) is clearly erroneous or contrary to law. It is worth noting and keeping in mind that Judge Senechal's order required three actions: (1) disclosure of communications to third

4

parties (because privilege cannot apply); (2) production of documents from Representative Jones (who waived state legislative privilege[1]); and (3) production of a privilege log for any documents withheld based on privilege. None of those directives are extraordinary or unusual, nor do they require disclosure of any privileged documents. Again, given the facts here, Judge Senechal's conclusion on the undue burden of the subpoenas is not clearly erroneous or contrary to law.

### III. CONCLUSION

The Court has carefully reviewed the order granting the motion to enforce subpoenas, the parties' filings, the applicable law, and the entire record. Judge Senechal's order is not clearly erroneous or contrary to law. The order (Doc. No. 63) is **AFFIRMED**, and the appeal (Doc. No. 64) is **DENIED**. Given this order, the Court **FINDS AS MOOT** the related motion to expedite discovery appeals (Doc. No. 67).

**IT IS SO ORDERED**.

Dated this 14th day of March, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court

---

[1] The Assembly did not raise this issue in this appeal. Nonetheless, Representative Jones's waiver of state legislative privilege was squarely addressed by the three-judge panel in <u>Walen, et al. v. Burgum, et al.</u>, Case No. 1:22-cv-31. Doc. No. 110, Case No. 1:22-cv-31.

5